1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED RAY NICHOLS,<br><br>    Petitioner,<br><br>  vs.<br><br>KIM HOLLAND,<br><br>    Respondent. | ) Case No.:1:13-cv-00135-SAB (HC)<br>)<br>) ORDER DISMISSING PETITION WITH<br>) LEAVE TO FILE SECOND AMENDED<br>) PETITION<br>)<br>) ORDER DIRECTING CLERK OF COURT<br>) TO SEND PETITIONER BLANK PETITION<br>) FOR WRIT OF HABEAS CORPUS<br>) |

   Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1), Petitioner has consented to the jurisdiction of the United States magistrate judge.  Local Rule 305(b).

   Petitioner filed the instant petition for writ of habeas corpus on January 29, 2013.

## DISCUSSION

   Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  A petition for habeas corpus should not be dismissed without leave to amend unless it

appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

    I.       Failure to State Cognizable Claim

       The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

(emphasis added).  See also, Rule 1 of the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ."  Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

       Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.  28 U.S.C. § 2254(d)(1),(2).

       In addition, Petitioner must state his claim with sufficient specificity.  See Hendricks v. Vasquez, 908 F.2d 490, 491-492 (9th Cir. 1990); Wacht v. Cardwell, 604 F.2d 1245, 1246-47 (9th Cir. 1979).  Rule 2(c) of the Rules Governing Section 2254 Cases states:

> The petition must:
> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and

(5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

The instant petition is completely deficient.  The only information provided on the form petition is that Petitioner is challenging a conviction from the Fresno County Superior court. Petitioner did not fill out the form petition and listed no grounds for relief or any facts to support such grounds.  Nor does Petitioner state the relief he requests.

In addition, Petitioner does not allege a violation of the Constitution or federal law, nor does he argue that he is in custody in violation of the Constitution or federal law.  Petitioner does not allege that the adjudication of his claims in state court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, . . . or resulted in a decision that was based on an unreasonable determination of the facts. . . ." 28 U.S.C. § 2254.

Therefore, the petition must be dismissed.  However, Petitioner will be given an opportunity to file an amended petition.

II.     Exhaustion of State Court Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal

basis.  <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9 (1992) (factual basis).  Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court."  <u>Duncan</u>, 513 U.S. at 366.  A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court.  See <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); <u>Gray v. Netherland</u>, 518 U.S. 152, 162-63 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  <u>Duncan</u>, 513 U.S. at 365-66; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir.2000), <u>amended</u>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir.1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir.1998).  In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000).  Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (citing <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); <u>Crotts</u>, 73 F.3d at 865.

In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In this case, Petitioner fails to state whether he has exhausted the state court remedies. As previously discussed, the petition fails to set forth any grounds for relief.  Therefore, the petition appears to be unexhausted.  Such a petition must be dismissed to provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); <u>Rose</u>, 455 U.S. at 521-22.

III.     Signature Under Penalty of Perjury

Upon review of Petitioner's petition, the Court discovered that the Petition does not contain an original signature under penalty of perjury.  Local Rule 131, subdivision (b) requires a document submitted to the Court for filing to include an original signature.  In addition, Rule 2 of the Rules Governing Section 2254 Cases requires a petition for writ of habeas corpus to "be signed under penalty of perjury by the petitioner."  Rule 2(c), Rules Governing Section 2254 Cases.  Petitioner will be ordered to submit an amended petition to the Court that is signed under penalty of perjury.  The petition should contain an original signature also made under penalty of perjury.

///

///

5

**CONCLUSION**

The instant petition must be dismissed for the above-stated reasons.  Petitioner will be given an opportunity to file an amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this order (i.e., a complete petition with cognizable federal claims clearly stated, exhaustion of state remedies clearly stated, and signed under penalty of perjury) within the allotted time will result in dismissal of the case.  Petitioner is advised that the amended petition should be titled "First Amended Petition" and must reference the instant case number.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1.      The instant petition for writ of habeas corpus is hereby DISMISSED;

2.      Petitioner is GRANTED thirty (30) days from the date of service of this order to file an amended petition in compliance with this order;

3.      The Clerk of Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2254; and

4.      Failure to comply with this order will result in dismissal of the action for failure to prosecute.

IT IS SO ORDERED.

Dated:   **February 12, 2013**

UNITED STATES MAGISTRATE JUDGE